Keith Fichtelman (SBN 262476)
**NELSON COMIS KETTLE & KINNEY LLP**
5811 Olivas Park Drive, Suite 202
Ventura, California 93003
Telephone: 805.604.4100
Facsimile: 805.604.4150
Email: kfichtelman@calattys.com

Attorneys for Plaintiffs
ROCK ON! FILMS, INC.;
JOE ECKARDT

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCK ON! FILMS, INC., a New York Corporation; JOE ECKARDT, an Individual;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CECILY GAMBRELL, an Individual; 17 MILE DRIVE ENTERTAINMENT, an Unknown Entity Type;<br><br>　　　　Defendants. | Case No.:　2:22-cv-2254-JFW-PLA<br><br>**MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br><u>Hearing</u><br>Date:　January 23, 2023<br>Time:　1:30 pm<br>Courtroom 7A<br><br>Action Filed: April 4, 2022<br>Trial Date:　Not Set |

- 1 -
MOTION TO ENFORCE SETTLEMENT

**TO THE COURT AND ALL PARTIES:**

Please take notice that on January 23, 2023, at 1:30 p.m., as soon thereafter as the matter may be heard, in Courtroom 7A of the above-entitled court, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs ROCK ON! FILMS, INC. ("ROF"), and JOE ECKARDT ("Eckardt") (collectively "Plaintiffs") will and hereby do move this Court for an order enforcing the settlement agreement reached between the parties in this action.

Specifically, Defendants have failed to comply with explicit terms of the settlement agreement by failing to provide all deliverables to Plaintiffs by agreed upon deadlines set forth in the settlement agreement. Accordingly, Plaintiffs seek an order from the Court compelling Defendant Gambrell to comply with the terms of the settlement agreement, for damages in the amount of $2,500, and reasonable attorneys' fees in the amount of $5,355.

This motion is based on this Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Keith Fichtelman, the Court's file, and such other evidence as may be presented prior to or at the hearing on the motion.

Dated: December 15, 2022

NELSON COMIS KETTLE & KINNEY LLP
By:   /s/ Keith Fichtelman
Keith Fichtelman
Attorneys for Plaintiffs
ROCK ON! FILMS, INC.;
JOE ECKARDT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should enter an order compelling Defendant CECILY GAMBRELL ("Gambrell") to comply with the terms of the Settlement Agreement that she entered into with Plaintiffs ROCK ON! FILMS, INC. ("ROF"), and JOE ECKARDT ("Eckardt") (collectively "Plaintiffs") in this case.

Specifically, the Settlement Agreement required Gambrell to take all necessary steps to legally change her name and provide proof of completion to Plaintiffs within 90 days of signing the Settlement Agreement. Gambrell has failed to do so. Plaintiffs are therefore entitled to an order compelling Gambrell to comply with the Agreement.

Furthermore, the Settlement Agreement provided that in the event of a breach, Plaintiffs would be entitled to $2,500 in damages relating to this case and reasonable attorneys' fees expended in prosecuting the case and in enforcing the terms of the agreement. Plaintiffs are therefore also entitled to an award of $2,500 for damages and $5,355 for reasonable attorneys' fees.

## II. PROCEDURAL HISTORY AND SETTLEMENT AGREEMENT

Plaintiffs filed this action on April 4, 2022, alleging claims against Eckardt's ex-wife Gambrell and/or an entity under her control relating to Gambrell's breach of Plaintiffs' copyrights, interfering with Plaintiffs' prospective economic advantage, and attempted extortion. (*See* Dkt. 1 Complaint).

After Gambrell was served and failed to timely respond to the Complaint, Plaintiffs requested that the Court enter default against Defendants. (*See* Dkt. 16). The Court thereafter entered default against Gambrell on or about July 15, 2022. (*See* Dkt. 18).

Subsequently, counsel for Defendants contacted Plaintiffs' counsel and the parties engaged in settlement discussions. (*See* Declaration of Keith Fichtelman ("Fichtelman Decl.") ¶ 3). From the outset, Eckardt made clear that as a material term for settlement he wanted Gambrell to take necessary steps to legally change her name as she had still been using Eckardt's last name. (*Id.*).

On or about August 24, 2022, the parties entered into the Settlement Agreement. A copy of the Settlement Agreement is attached hereto as Exhibit 1. Among other things, paragraph 6 of the Agreement provided that:

> Gambrell agrees to make all reasonable efforts to legally change her name so that her last name is no longer legally Eckardt. Within three (3) days of signing this Agreement, Gambrell shall provide to [Plaintiffs] proof that she has submitted required paperwork to initiate such name change and shall provide proof of completion relating to the name change within ninety (90) days of signing this Agreement.

(Exh 1, ¶ 6).

The Settlement Agreement provided mutual releases that would only become effective after specific provisions of the Agreement were satisfied, explicitly including the name change referenced in paragraph 6. (*See* Exh. 1, 12).

The Settlement Agreement also provided:

> In the event of a material breach of this Agreement, the breaching Party shall owe to the non-breaching Party the sum of $2,500 as damages relating to the Case and reasonable attorneys' fees expended in prosecuting the Case and in enforcing the terms of this Agreement.

(Exh. 1, ¶ 12).

On or about August 30, 2022, Gambrell's counsel provided evidence that Gambrell had initiated the process to change her name. (*See* Fichtelman Decl., ¶ 5, Exh. 2). Gambrell's counsel also indicated that once she received a new social security card in September that she would have the name on her driver's license

changed. (*Id.*).

On or about September 29, 2022, Plaintiffs' counsel requested an update on the process and Gambrell's counsel indicated that he would confirm in a few days, but did not provide any follow-up. (Fichtelman Decl. ¶ 5, Exh. 2).

On or about December 5, 2022, after the 90 days specified in the Settlement Agreement had already expired, Plaintiffs' counsel contacted Gambrell's counsel to confirm that the name change had been completed. (Fichtelman Decl. ¶ 6, Exh. 3). Gambrell's counsel replied that she had not complied and purportedly the first appointment she could make with the DMV was in February to complete the process. (*Id.*).

Notably, it does not appear that the DMV schedules appointments more than 30 days out and offices that appear to be near Gambrell's home had appointments available within days of checking the DMV's website. (*See* Fichtelman Decl. ¶ 7, Exh. 4).

### III. THE COURT SHOULD COMPEL GAMBRELL'S COMPLIANCE WITH THE SETTLEMENT AGREEMENT'

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *see also In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). For the Court to enforce a settlement agreement, two requirements must be met. First, the settlement must constitute a complete agreement. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (*citing Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)). Second, both parties must have agreed to the terms of the settlement or authorized their respective counsel to settle. *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

MOTION TO ENFORCE SETTLEMENT

Here, the Settlement Agreement constitutes a complete agreement. (*See* Exh. 1). Furthermore, both parties agreed to the terms and personally signed the Agreement. (*See* Exh. 1 at pp. 10-11). Additionally, it is clear from communications between counsel that all parties understood the scope of what the Settlement Agreement was requiring of Gambrell. (*See* Exhs. 1-3).

Gambrell has failed to comply with the terms of the Settlement Agreement and her counsel has indicated that she purportedly will not be doing so for at least another 60-days beyond her deadline to do so. Moreover, it does not appear that Gambrell has made good faith efforts to comply. Gambrell's counsel indicated that the earliest she could get an appointment with the DMV was February 2023, but earlier appointments were, and are, readily available. (*See* Fichtelman Decl. ¶¶ 6-8, Exhs. 3-4).

The Court should order Gambrell to comply with the terms of the Settlement Agreement. Furthermore, per the terms of the Agreement, Gambrell should be ordered to pay $7,855 to Plaintiffs as damages and for reasonable attorneys' fees to enforce the Agreement.

### IV. CONCLUSION

For the foregoing reasons, Gambrell should be ordered to comply fully with the terms of the Settlement Agreement and to pay Plaintiffs $7,855.

Dated: December 15, 2022      **NELSON COMIS KETTLE & KINNEY LLP**
                              By:   /s/ Keith Fichtelman
                              _____
                              Keith Fichtelman
                              Attorneys for Plaintiffs
                              ROCK ON! FILMS, INC.;
                              JOE ECKARDT